United States District Court
Middle District of Florida
Jacksonville Division

**CANDICE MORAN,**

    *Plaintiff,*

v.                                                            **NO. 3:21-CV-2-HES-PDB**

**WAL-MART STORES EAST, LP,**

    *Defendant.*

___

# Order

The plaintiff's motion to compel the defendant to respond to discovery requests, Doc. 27, is **denied** without prejudice for three reasons.

First, the plaintiff includes no legal memorandum as required by Local Rule 3.01(a).

Second, the plaintiff states the "information sought … is relevant and reasonably calculated to lead to the discovery of admissible evidence." Doc. 27 ¶ 5. The Federal Rules of Civil Procedure apply now. *See* Fed. R. Civ. P. 81(c)(1). The scope of discovery is governed by standards of relevancy and proportionality. *See* Fed. R. Civ. P. 26(b)(1). Advisory Committee notes to the 2015 amendment to Federal Rule of Civil Procedure 26 explain:

> The former provision for discovery of relevant but inadmissible information that appears "reasonably calculated to lead to the discovery of admissible evidence" is also deleted. The phrase has been used by some, incorrectly, to define the scope of discovery. As the Committee Note to the 2000 amendments observed, use of the "reasonably calculated" phrase to define the scope of discovery "might swallow any other limitation on the scope of discovery." The 2000 amendments

sought to prevent such misuse by adding the word "Relevant" at the beginning of the sentence, making clear that "'relevant' means within the scope of discovery as defined in this subdivision … ." The "reasonably calculated" phrase has continued to create problems, however, and is removed by these amendments. It is replaced by the direct statement that "Information within this scope of discovery need not be admissible in evidence to be discoverable." Discovery of nonprivileged information not admissible in evidence remains available so long as it is otherwise within the scope of discovery.

Third, the plaintiff appears to base the motion on discovery served in state court before removal. In federal court, discovery generally cannot begin until the parties have conferred as required by Rule 26(f). *See* Fed. R. Civ. P. 26(d)(1). Based on this timing rule, discovery served in state court before removal becomes null and ineffective. *Riley v. Walgreen Co.*, 233 F.R.D. 496, 498 (S.D. Tex. 2005); *accord Map & Globe, LLC v. Hartford Fire Ins. Co.*, No. 620CV1584ORL40GJK, 2020 WL 6887934, at *1 (M.D. Fla. Sept. 18, 2020) ("Here, the discovery was served under Florida's civil procedure rules and before the parties' case management conference. Thus, there is no authority under the Federal Rules of Civil Procedure to compel Plaintiff to respond or produce documents responsive to the requests to produce."); *Sandoval v. Elcon Elec. Contractors, Inc.*, No. CV 18-989-JWD-RLB, 2019 WL 8440512, at *1 (M.D. La. Mar. 28, 2019) ("Where discovery issued in state court has not been ruled on in state court prior to removal, Rule 26(f) and Rule 26(d) preclude such discovery from having any effect in federal court.").

**Ordered** in Jacksonville, Florida, on August 26, 2021.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

2